**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY FULLILOVE, | ) | FILED: APRIL 15, 2009 |
| | ) | 09CV2292 |
| Plaintiff, | ) | JUDGE CONLON |
| | ) No. | MAGISTRATE JUDGE BROWN |
| v. | ) | AO |
| | ) | |
| AIS SERVICES, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Mary Fullilove, by her attorney, Jason G. Shanfield, brings this complaint to secure redress for the unlawful conduct of Defendant AIS Services, LLC ("AIS"), and states the following in support of her complaint:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual residing in Chicago, Illinois.

2. Plaintiff is a consumer within the meaning of the FDCPA in that the alleged debt at issue is a Spiegel credit card bill incurred for personal, family, or household purposes.

3. Defendant AIS is a Delaware limited liability company that maintains an agent for purposes of accepting service of process at 208 South LaSalle Street, Chicago, Illinois.

4. Defendant AIS is a debt collector within in the meaning of 15 U.S.C. § 1692a(6) because it acquires debts in default at the time of purchase for the purpose of collecting them.

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

## MATTERS COMMON TO ALL CLAIMS

7. Prior to February 11, 2008, AIS contacted Ms. Fullilove in an attempt to collect FCNB/Spiegel Account No. 5770912023121714, on information and belief a store credit card originally issued by FCNB (likely First Consumer's National Bank).

8. Ms. Fullilove never had a credit account with this number, associated with Spiegel, or issued through any bank known as FCNB or First Consumer's National Bank. To the extent information in AIS or FCNB's possession reflects any personal identifying information of Plaintiff's other than her name, which is a relatively common name, Plaintiff believes that information is present as a result of identity theft.

9. On February 11, 2008, one of Ms. Fullilove's attorneys wrote to AIS advising AIS that Ms. Fullilove disputed the validity of the alleged debt and that it was a case of identity theft.

10. AIS received Ms. Fullilove's attorney's correspondence and provided an "Account Verification Statement" failing completely to address Ms. Fullilove's claim that the account was a result of identity theft.

11. Despite being on actual notice that Ms. Fullilove was represented by an attorney, AIS sent another dunning letter directly to her on January 15, 2009 in an attempt to collect the FCNB/Spiegel account.

12. Ms. Fullilove did not consent to being contacted by AIS after having retained counsel to represent her interests with respect to the FCNB/Spiegel account and was entitled to be free of any further direct communications from Defendant.

13. No court of competent jurisdiction ever expressly authorized Defendant to ignore that Ms. Fullilove was represented by counsel and contact her directly.

## COUNT I – VIOLATION OF 15 U.S.C. § 1692c

14. Plaintiff incorporates paragraphs 1 through 13.

15. Section 1692c(a) of the Fair Debt Collection Practices Act provides, in relevant part:

> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **…**
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or**

16. Defendant violated 15 U.S.C. § 1692c(a)(2) by dunning Ms. Fullilove directly in an attempt to collect money after learning that she was represented by counsel with respect to the alleged debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Mary Fullilove and against Defendant AIS Services, LLC for:

    a.    Statutory damages under 15 U.S.C. § 1692k.

    b.    Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

Case 1:09-cv-02292   Document 1   Filed 04/15/2009   Page 4 of 4

4

    c.    Such other and further relief as the Court deems appropriate.

MARY FULLILOVE

_____
One of her attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)